The Mosler Safe Co. v. Commissioner.
Mosler Safe Co. v. Commissioner
Docket No. 106783.
United States Tax Court
1943 Tax Ct. Memo LEXIS 77; 2 T.C.M. (CCH) 919; T.C.M. (RIA) 43456; October 19, 1943
*77 I. Newton Brozan, Esq., and Aaron Holman, Esq., 25 Broadway, New York, N. Y., for the petitioner. Owen W. Swecker, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $2,370.54 in income tax for 1937. Petitioner concedes various adjustments made by the respondent and admits a deficiency of $1,659.16. Memorandum opinion was entered in this proceeding on September 9, 1942, and on November 30, 1942 decision was entered pursuant thereto. Under date of January 6, 1943, on motion of petitioner and for good cause shown, an order was entered vacating the decision. After various ad interim proceedings, on October 16, 1943, an order was entered vacating the memorandum opinion. The matter is now before us for consideration on the entire record in the case. In the memorandum opinion we observed: "The only question presented at the hearing involves petitioner's claim that its plant account, which serves as a basis for depreciation, should be adjusted and increased by the amount of excessive depreciation taken on certain machinery in the years 1931 to 1936, both inclusive, during each of which years petitioner suffered a large *78 net loss and derived no tax benefit from the depreciation deductions. Petitioner does not object to the depreciation rate used in 1937." We sustained petitioner's contention, relying on . Our decision in the cited case was reversed by the . Petition for writ of certiorari was denied by the Supreme Court at 63 S. Ct. 1434, and re-hearing was denied October 11, 1943, . Subsequent to our memorandum opinion in this case the Supreme Court had before it the identical question in , and there held that where a taxpayer took excessive depreciation over preceding years during part of which it suffered a net loss and gained no tax advantage from the deductions, the amount of depreciation so claimed should be deducted from its depreciation basis irrespective of whether taxpayer received a tax advantage or not and regardless of the fact that the entire excessive depreciation *79 did not serve to reduce taxable income in those years. On October 11, 1943, the Supreme Court denied re-hearing. The Virginian Hotel Corporation case is dispositive of the present case. Decision will be entered under Rule 50.